### COMMONWEALTH of Pennsylvania, Appellee,

### v.

### Edward P. LUSCH, Appellant.

Superior Court of Pennsylvania.

Submitted July 10, 2000.

Filed Aug. 21, 2000.

---

Mark E. Combi, Jim Thorpe, for appellant.

Gary F. Dobias, Asst. Dist. Atty., Jim Thorpe, for Com., appellee.

BEFORE: JOHNSON, ORIE MELVIN and OLSZEWSKI, JJ.

ORIE MELVIN, J.:

¶ 1 Appellant, Edward P. Lusch, seeks review of the Order entered October 5, 1999, which denied his petition for a writ of *habeas corpus*. He claims on appeal the trial court erred in treating this petition as a request for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. He further claims the trial court erred in finding the issues raised are either previously litigated or waived. Finally, he claims the PCRA court erred in denying his request for an evidentiary hearing on his original PCRA petition. Because we find this pleading should properly be treated as Lusch's second petition for collateral relief filed' pursuant to the PCRA and because it was untimely filed, we affirm.

¶ 2 The charges stemmed from the burglary of the Weiner home in Mahoning Township, Carbon County and the robbery and stabbing death of 63 year old Josephine Weiner. Police found Lusch's fingerprints on a closet door in the bedroom where the victim's body was found and on a drawer in another bedroom that had been ransacked. Lusch was arrested and admitted burglarizing the home with an accomplice Wilbur Moyer. He also admitted owning the weapon used to stab Ms. Weiner; however, he claimed Moyer took the knife from him when they first entered the home to cut the phone lines. He claimed he never touched the victim, and Moyer tied her up. He claimed he heard Moyer struggle with her before they left the residence, but he was already downstairs at the time, inferring Moyer did the killing without his knowledge. Lusch repeated these claims at trial.

¶ 3 On August 14, 1987, Lusch was convicted by a jury trial of second degree murder, robbery, and burglary. On September 29, 1988, Lusch was sentenced to a mandatory term of life imprisonment. On November 14, 1989, this Court affirmed the judgment of sentence in an unpublished memorandum addressing the lack of sequestration of the jury, comments made during jury selection, admissibility of certain photographs, the Commonwealth's arguments to the jury, the weight of the evidence, and the sufficiency of the evidence. *Commonwealth v. Lusch*, 396 Pa.Super. 656, 570 A.2d 1088 (1989). Lusch sought review before our Supreme Court which was denied September 12, 1990. *Commonwealth v. Lusch*, 526 Pa. 647, 585 A.2d 467, 1162 E.D. Allocatur Docket 1989.

¶ 4 On June 7, 1995, Lusch filed his first PCRA petition, and counsel was appointed. Counsel stipulated the sole issue raised in the petition was whether trial counsel was ineffective for failing to object to the trial court's jury instruction. The instruction concerned the use of a deadly weapon on a vital part of the victim's body which Lusch claimed was constitutionally infirm in that it impermissibly shifted the burden of proof of intent to the defense. An evidentiary hearing was scheduled for December 15, 1995. The PCRA petition was denied. On July 1, 1996, this Court affirmed the

PCRA Order in an unpublished memorandum. *Commonwealth v. Lusch*, 454 Pa.Super. 681, 685 A.2d 210 (1996). Lusch sought review before our Supreme Court which was denied March 7, 1997. *Commonwealth v. Lusch*, 547 Pa. 742, 690 A.2d 1162 (1997).

¶ 5 Next, on March 3, 1999, Lusch filed a pleading he entitled "Petition for State Writ of Habeas Corpus." The trial court treated it as a second PCRA petition, appointed Attorney Mark Combi as counsel, and scheduled a hearing for September 24, 1999. Afterward, on October 5, 1999, the trial court issued an Order in which it treated the Petition for a Writ of Habeas Corpus as a PCRA petition, recognized its untimeliness, and concluded that issues raised were either previously litigated or waived. Accordingly, the court denied relief, and this appeal follows.

¶ 6 Lusch admits in the Argument section of his brief that he has exhausted his direct appeal rights and all PCRA remedies. Appellant's Brief at 7. He admits he is not innocent of the charges and any new PCRA petition would be untimely. *Id.* Clearly he wants to have a third round of review by choosing a new vehicle, a writ of habeas corpus. However, Lusch conveniently ignores the provision of the Post Conviction Relief Act, which specifically addresses this type of situation. The Act provides in pertinent part, "The action established in this subchapter **shall be the sole means of obtaining collateral relief** and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, **including habeas corpus** and coram nobis." 42 Pa.C.S.A. § 9542 (emphasis added.)

¶ 7 Lusch's claim, that the trial court erred in treating his *habeas corpus* petition as a post conviction petition, arguably raises the same issue our Supreme Court addressed in *Commonwealth v. Peterkin*, 554 Pa. 547, 722 A.2d 638 (1998), *reargument denied*, 1999 Pa.LEXIS 353 (1999). In *Peterkin*, the appellant filed a PCRA

petition that was denied. He then filed a second petition seeking postconviction relief but this time captioned the petition as a request for *habeas corpus* relief. Our Supreme Court held that, "[t]he essence of [Article I, Section 14 of the Pennsylvania Constitution (concerning the privilege of the writ of *habeas corpus*), 42 Pa.C.S. § 6503 (the statutory provision for *habeas corpus*) and the PCRA provisions], read together, is that the PCRA subsumes the remedy of habeas corpus with respect to remedies offered under the PCRA and that any petition seeking relief under the PCRA must be filed within one year of final judgment." *Id.* at 552, 722 A.2d at 640. This is not to say that our legislature has abolished writs of *habeas corpus* entirely, only that "the writ continues to exist only in cases in which there is no remedy under the PCRA." *Id.* The question then becomes whether a petitioner had an available remedy under the PCRA and whether the petition is timely under the relevant PCRA provisions.

¶ 8 In Lusch's "Writ of Habeas Corpus" he appears to raise issues of trial counsel's ineffectiveness for failing to call character witnesses, failing to raise a diminished capacity defense, failing to present psychiatric testimony, failing to request a voluntary manslaughter charge, failing to request a mistrial when the jury heard Lusch had been previously incarcerated, failing to ask certain questions of Lusch when he was testifying on his own behalf, failing to object to the jury instruction on reasonable doubt, and failing to object to the life sentence imposed without a minimum sentence. Finally, Lusch claims prior appellate counsel was also ineffective for his failure to raise these same claims. Because these claims are cognizable under the PCRA as a challenge to the constitutional right to effective assistance of counsel, we find no error in the trial court's treatment of the petition for *habeas corpus* relief as a PCRA petition.

¶ 9 In addition, Lusch's latest petition was filed on March 3, 1999, clearly outside

of the time limits set by 42 Pa.C.S.A. § 9545 which provides that any petition, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final. However, before dismissing Lusch's petition on the basis of untimeliness, we also must consider three exceptions to this one-year time limit requirement which act to excuse late filing: (1) interference by the government; (2) uncovering facts not previously known to or discoverable by the appellant through the exercise of due diligence; and (3) the applicability of a constitutional right recognized after the time period provided in this section, and held to apply retroactively. 42 Pa.C.S.A. § 9545(b)(1)(i)(ii)(iii). Lusch has not argued that any of these exceptions excuse his untimely filing, nor do we find any to be applicable. Therefore, Lusch's petition is untimely filed and not properly before this Court.

¶ 10 Accordingly, we affirm the dismissal of this petition because it was properly treated as a PCRA petition and it was untimely filed.[1]

¶ 11 Order affirmed.

---

1. The trial court dismissed the petition because it recognized the untimeliness but also viewed the issues as previously litigated or waived. We need not reach this level of review because the untimeliness of the petition goes to the trial court's jurisdiction to even entertain the merits of the petition.