J-S60041-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GABRIEL LEE PAGAN | |
| Appellant | No. 282 MDA 2014<br>283 MDA 2014<br>284 MDA 2014 |

Appeal from the Order Entered January 30, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0000670-2012

BEFORE:  OTT, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED NOVEMBER 10, 2014**

Appellant Gabriel Lee Pagan appeals from the Berks County Court of Common Pleas' order denying his *pro se* motion to modify sentence *nunc pro tunc* ("motion to modify") following his guilty plea and sentencing for multiple counts of Delivery of a Controlled Substance[1] and Conspiracy to Commit Possession of a Controlled Substance With Intent to Deliver,[2] and a

---

[1] 35 P.S. § 780-113(a)(30).

[2] 18 Pa.C.S. § 903(c).

single count of Possession of a Controlled Substance With Intent to Deliver.[3]

After careful review, we reverse and remand for further proceedings.

The factual background of the instant matter is not material to our disposition of the issue. The trial court aptly summarized the pertinent procedural history as follows:

> On September 6, 2012, [Appellant] pled guilty to eight (8) counts under three (3) different dockets. Under Docket 174-2012, [Appellant] pled guilty to two (2) counts of Delivery of a Controlled Substance (hereinafter "Delivery") and one (1) count of Conspiracy to Commit Possession with Intent to Deliver a Controlled Substance (hereinafter "PWID"). Under Docket 177-2012, [Appellant] pled guilty to one (1) count of Delivery and one (1) count of Conspiracy to Commit PWID. Under Docket 670-2012, [Appellant] pled guilty to one (1) additional count of Delivery, one (1) additional count of Conspiracy to Commit PWID, and one (1) count of PWID. On that same date, in accordance with the negotiated agreement, the [Appellant] was sentenced to serve no less than five (5) to no more than ten (10) years on every count and all sentences were ordered to be served concurrently. [Appellant] also received a credit of two hundred and forty-six (246) days of time served. [Appellant] was represented at his guilty plea and sentencing hearing by William Bispels, Esquire.
>
> On January 23, 2014, [Appellant] filed a *pro se* MOTION TO MODIFY SENTENCE NUNC PRO TUNC. After reviewing the *pro se* filing, the Court entered an order denying [Appellant's] motion on January 30, 2014. [Appellant] [timely] filed his Notice of Appeal from the Court's denial on February 11, 2014. The Court ordered the [Appellant] on February 12, 2014, to file within twenty-one (21) days a Concise Statement of the Errors Complained of on Appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), which [Appellant] filed on March 7, 2014.

---

[3] 35 P.S. § 780-113(a)(30).

Trial Court Pa.R.A.P. 1925(a) Opinion, March 28, 2014 ("1925(a) Opinion"),

pp. 1-2 (internal footnotes omitted).

Appellant raises a single issue for our review:

> Did the trial court err as well as abuse its discretion by summarily and prematurely denying Appellant's Motion to Modify Sentence *Nunc Pro Tunc*?

Appellant's Brief at 4 (all capitals removed).

Before reaching the merits of this claim, we must decide whether the trial court appropriately considered the motion to modify as an untimely post-sentence motion. We conclude that the trial court should have treated this as a motion for relief under the Post-Conviction Relief Act[4] ("PCRA").

A written post-sentence motion must be filed within ten days after the imposition of judgment. Pa.R.Crim.P. 720(a)(1). However, this Court has held that, "[d]espite the ten-day limit for post-sentence motions, there are occasions when such motions may be treated as petitions under the Post Conviction Relief Act (PCRA)." **Commonwealth v. Wrecks**, 931 A.2d 717, 720 (Pa.Super.2007) ("**Wrecks I**") (*citing* **Commonwealth v. Guthrie**, 749 A.2d 502 (Pa.Super.2000) (holding that an untimely post-sentence motion may be treated as a PCRA petition once the time periods for filing a post-

---

[4] 42 Pa.C.S. § 9541 *et seq.*

sentence motion and an appeal have expired)); *see also Commonwealth v. Evans*, 866 A.2d 442 (Pa.Super.2005) (reaffirming that an untimely pro se petition for reconsideration of sentence may be considered a PCRA petition).

Pennsylvania law is well settled that any collateral petition raising issues requesting remedies available under the PCRA will be considered a PCRA petition. *Commonwealth v. Deaner*, 779 A.2d 578, 580 (Pa.Super.2001) (*citing Commonwealth v. Fahy*, 737 A.2d 214, 223-224 (Pa.1999); *Commonwealth v. Peterkin*, 722 A.2d 638, 640 (Pa.1998). "However, a petition raising a claim for which the PCRA does not offer a remedy will not be considered a PCRA petition. Thus, the question then becomes whether petitioner had an available remedy under the PCRA...." *Deaner*, 779 A.2d at 580 (internal citation and quotations omitted).

"The content of the motion—just exactly what is pled and requested therein—is relevant to deciding whether to treat the motion as a collateral petition." *Wrecks I*, 931 A.2d at 720 (*citing Commonwealth v. Lutz*, 788 A.2d 993, 996 n.7 (Pa.Super.2001) (holding that, generally, a filing that raises issues cognizable under the PCRA will be considered a PCRA petition while a filing requesting relief outside the PCRA will not be so treated). Ineffective assistance of counsel claims are cognizable under the PCRA, and filings or motion raising such claims will be treated as PCRA petitions. 42 Pa.C.S. § 9543(a)(2)(ii); *see also Commonwealth v. Lusch*, 759 A.2d 6,

8 (Pa.Super.2000) (multiple accusations of trial counsel ineffectiveness cognizable under the PCRA). Likewise, legality of sentence claims present cognizable PCRA issues that should also make a trial court view a filing that contains such a claim as a PCRA petition. **See Commonwealth v. Hockenberry**, 689 A.2d 283 (Pa.Super.1997) (*pro se* motion for modification based on legality of sentence question and filed nine months after imposition of sentence treated as a PCRA petition); **see also Guthrie**, 749 A.2d at 503 (noting this Court's approval of the trial court's determination that a "motion to correct illegal sentence" must be treated as a PCRA petition). However, filings or motions raising only discretionary aspects of sentencing claims will not be entertained, as such claims are not cognizable under the PCRA. **See Commonwealth v. Wrecks**, 934 A.2d 1287 (Pa.Super.2007) ("**Wrecks II**") (treating *pro se* motion filed ten years after imposition of sentence and which challenged the discretionary aspects of sentencing as an untimely post-sentence motion).

Here, the trial court sentenced Appellant on September 6, 2012. Over fourteen (14) months later, on January 23, 2014, Appellant filed his motion to modify. Obviously, the time during which Appellant could have timely filed either a post-sentence motion or an appeal had long since expired. However, the motion to modify included claims questioning the legality of his

sentence and, arguably, the effective assistance of counsel.[5]  Such claims are cognizable under the PCRA.  Accordingly, the trial court should have treated the motion to modify as a PCRA petition, and not as an untimely post-sentence motion.  **See Lusch**, **Hockenberry**, **supra**.

Further, review of the trial court docket reveals Appellant has not filed a previous PCRA petition.  Accordingly, Appellant is entitled to a remand and appointment of counsel to prosecute this, his first PCRA petition.  **See Commonwealth v. Evans**, 866 A.2d 442 (Pa.Super.2005) (finding that remand of a motion for permission to file a nunc pro tunc motion for

_____

[5] The trial court summarized the claims from the motion to modify as follows:

1. [Appellant] argued that the Conspiracy counts should have merged with the Delivery counts because the charges stemmed from the same criminal acts;

2. [Appellant] argued that the Commonwealth could not prove that he had constructive possession of the cocaine which formed the basis of the PWID count under Docket 670-2012;

3. [Appellant] argued that since all of the charges against him stemmed from the same investigation by the same investigating police unit that it should have resulted in one criminal Information.  [Appellant] asserted that the Commonwealth's decision to file three criminal Informations against him was designed to increase his sentence;

4. [Appellant] argued that the Commonwealth engaged in "sentence entrapment" by waiting to arrest him until after he had committed multiple drug transactions.

1925(a) Opinion, p. 3.

reconsideration or modification of sentence to appoint counsel for inmate was required because the petitioner filed his motion *pro se*, the motion was considered to be his first petition for post-conviction relief, and the criminal rules required that a *pro se* post-conviction relief petitioner was entitled to the appointment of counsel).

Because the trial court should have considered Appellant's motion to modify as a first PCRA petition, we reverse the order denying the motion to modify and remand the matter for further proceedings consistent with this memorandum.[6]

Order reversed.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/10/2014

---

[6] We recognize that, even given the filing date of his motion to modify, Appellant's PCRA petition will not have been filed within one year after his judgment of sentence became final and may therefore be time-barred.  42 Pa.C.S. § 9545.  However, we further acknowledge that, since this is his first PCRA petition, Appellant is entitled to counsel to aid him in determining which of the PCRA's time limitations exceptions apply, if any.  ***See Commonwealth v. Smith***, 818 A.2d 494, 501 (Pa.2003) ("[A]n indigent first-time PCRA petitioner is entitled to the assistance of counsel, whether or not the PCRA court ultimately concludes that the PCRA petition is untimely.").