J-S74026-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DWAYNE BRUNSON, | : | |
| | : | |
| Appellant | : | No. 838 EDA 2014 |

Appeal from the PCRA Order July 1, 2013,
Court of Common Pleas, Philadelphia County,
Criminal Division at No. CP-51-CR-0134421-1987

BEFORE:  BENDER, P.J.E, DONOHUE and STRASSBURGER*, JJ.

MEMORANDUM BY DONOHUE, J.: **FILED DECEMBER 24, 2014**

Dwayne Brunson ("Brunson") appeals from the July 1, 2013 order of court dismissing his petition for writ of habeas corpus, which the lower court treated as a petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA").  Upon review, we affirm.

The relevant history may be summarized briefly as follows.  In 1989, Brunson was convicted of first-degree murder, aggravated assault, and conspiracy.  On direct appeal, this Court arrested judgment with regard to the conspiracy conviction but affirmed the murder and aggravated assault convictions.[1]  The Pennsylvania Supreme Court denied Brunson's petition for allowance of appeal.

---

[1] On direct appeal Brunson challenged the sufficiency of the evidence as to all three of his convictions. This Court concluded that the evidence was

*Retired Senior Judge assigned to the Superior Court.

In 1993, Brunson filed his first PCRA petition. Following a hearing, the PCRA court dismissed that petition in 1999. This Court affirmed the PCRA court's ruling on appeal, and the Pennsylvania Supreme Court again denied Bruson's petition for allowance of appeal. Brunson then unsuccessfully sought relief by means of a federal writ of habeas corpus. On December 18, 2012, Brunson filed the petition at issue in the present appeal, which he styled as a petition for writ of habeas corpus. The lower court elected to treat Brunson's petition as a PCRA petition, determined that it was untimely, and issued notice of its intent to dismiss pursuant to Pa.R.Crim.P. 907. Brunson filed a response to this notice, objecting to the treatment of his petition as a PCRA petition. The lower court dismissed the petition on July 1, 2013. This timely appeal followed.

Brunson presents five separate issues on appeal, but they all address one concern: whether the trial court erred in treating his writ of habeas corpus as an untimely PCRA petition. Brunson's Brief at 4. As we consider the merits of this claim, we note that this Court's standard of review is limited to determining whether the PCRA court's determination is supported by the evidence of record and is free of legal error. *Commonwealth v. Walls*, 993 A.2d 289, 294-95 (Pa. Super. 2010) (internal citation omitted).

---

sufficient to support the murder and aggravated assault convictions, but insufficient to support the conspiracy conviction.

As noted above, Brunson argues that his claims are properly raised in a petition for writ of habeas corpus and consequently that the lower court erred by treating it as a PCRA petition and subsequently dismissing it upon finding that it was untimely filed. *See* Brunson's Brief at 17-28. In his petition for writ of habeas corpus, Brunson alleged that his substantive and procedural due process rights were violated because the Commonwealth failed to establish the mens rea and actus reus required for a first-degree murder conviction, and therefore that the trial was "fundamentally unfair and amount[ed] to a manifest injustice." Petition for Writ of Habeas Corpus, 12/18/12, at 3. He further argued that his due process rights were violated when this Court failed to vacate the first-degree murder conviction when we found that the conspiracy conviction was improper. *Id.*

Brunson is correct in that the writ of habeas corpus continues to exist separate and apart from the PCRA; however, "both the PCRA and the state habeas corpus statute contemplate that the PCRA subsumes the writ of habeas corpus in circumstances where the PCRA provides a remedy for the claim." *Commonwealth v. Hackett*, 956 A.2d 978, 985 (Pa. 2008) (citation omitted). Section 9543 of the PCRA addresses eligibility for relief under its provisions. It provides, in relevant part, as follows:

### § 9543. Eligibility for relief

(a) General rule.--To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

\*\*\*

(2) That the conviction or sentence resulted from one or more of the following:

(i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

(v) Deleted.

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S.A. § 9543(a)(2).

Brunson argues that his claims of due process violations do not implicate the truth-determining process underlying his convictions, and therefore do not fall under the scope of the PCRA. Brunson's Brief at 23-24. However, our Supreme Court has called for an expansive, not restrictive, application of these PCRA's eligibility requirements, such that there need not be a strict adherence to the "truth determining process" language upon which Brunson relies:

> [W]e have held that the scope of the PCRA eligibility requirements should not be narrowly confined to its specifically enumerated areas of review. **Commonwealth v. Judge**, [] 916 A.2d 511, 520 ([Pa.] 2007). Such narrow construction would be inconsistent with the legislative intent to channel post-conviction claims into the PCRA's framework, **id.**, and would instead create a bifurcated system of post-conviction review where some post-conviction claims are cognizable under the PCRA while others are not. **Commonwealth v. Lantzy**, [] 736 A.2d 564, 569–70 ([Pa.] 1999).
>
> Instead, this Court has broadly interpreted the PCRA eligibility requirements as including within its ambit claims such as this one, regardless of the 'truth-determining process' language … from Section 9543(a)(2)(i). **See Commonwealth v. Liebel**, [] 825 A.2d 630 ([Pa.] 2003) (holding that claim challenging counsel's effectiveness for failing to file a petition for allowance of appeal is cognizable under PCRA); **Commonwealth ex. rel. Dadario v. Goldberg**, [] 773 A.2d 126 ([Pa.] 2001) (holding that claim alleging counsel's ineffectiveness during the plea bargaining process is cognizable under the PCRA); **Commonwealth v. Chester**, [] 733 A.2d 1242 ([Pa.] 1999) (holding that claim alleging ineffective assistance of counsel during penalty phase of capital case is cognizable under the PCRA); **Commonwealth v. Lantzy, supra**, (holding that

- 5 -

claim alleging ineffective assistance of counsel for failing to file an appeal is cognizable under the PCRA).

**Hackett**, 956 A.2d at 986.

In **Hackett**, our Supreme Court considered whether the constitutional violation at issue in a **Batson**[2] claim is cognizable under the PCRA. Much like Brunson in the present appeal, Hackett argued that a **Batson** claim is not alleging "a constitutional violation that 'so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.'" **Id.** at 985. Hackett maintained "that the injury against which **Batson** protects is the equal protection right of venirepersons not to be discriminated against," which he then argued "is unrelated to the reliability of the verdict rendered." **Id.** The Supreme Court rejected this argument, concluding that a claim that there was a constitutional violation with regard to the selection of the jury implicates the validity of the conviction:

> We find that [Hackett's] **Batson** claim, which essentially attacks his underlying murder conviction, is akin to the aforementioned claims which have been held to be within the ambit of the PCRA and is unlike those unique claims which fall outside the PCRA's statutory scheme. **See Commonwealth v. West**, [] 938 A.2d 1034 ([Pa.] 2007) (holding that substantive due process challenge to continued validity of defendant's judgment of sentence after a

---

[2] A **Batson** claim alleges that the Commonwealth engaged in purposeful discrimination in the selection of jury members, in violation of **Batson v. Kentucky**, 476 U.S. 79 (1986).

> nine-year delay is not cognizable under the PCRA); ***Commonwealth v. Judge, supra***, (holding that allegation that Canada violated appellant's rights under the International Covenant for Civil and Political Rights is not cognizable under the PCRA). As the PCRA provides a remedy on a ***Batson*** claim, Appellee is not entitled to seek habeas corpus relief.

***Id.*** at 986.

As the Supreme Court did in ***Hackett***, we conclude that at their heart, Brunson's claims challenge his murder conviction as wrongful, as they are premised on his fundamental assertion that the evidence was insufficient to support his first-degree murder conviction. Stated another way, Brunson's claims sound in wrongful conviction, which the PCRA is intended to address. ***Commonwealth v. Burkett***, 5 A.3d 1260, 1275 (Pa. Super. 2010) ("PCRA review is limited to defendants who claim that they were wrongfully convicted and/or are serving an illegal sentence."). Accordingly, because Brunson's claims challenge the validity of his murder conviction, and in light of the expansive view we must take with regard to the PCRA's eligibility requirements, ***see Hackett***, 956 A.2d at 986, we conclude that they are cognizable under the PCRA.

In support of his position, Brunson cites to both the ***Judge*** and ***West*** decisions referenced by our Supreme Court in ***Hackett***. In both of those cases, the claims raised by the petitioners were found to be beyond the scope of the PCRA and cognizable as habeas corpus claims. Both of those

cases are distinguishable, however, in that the claims raised therein cannot be construed as challenges to the underlying convictions or sentences.

In *Judge*, the petitioner had been convicted of first-degree murder and sentenced to death when he escaped from custody and fled to Canada. *Commonwealth v. Judge*, 916 A.2d 511, 513 (Pa. 2007). While in Canada, Judge was convicted of two offenses and sentenced to two concurrent ten-year terms of imprisonment. Despite having Judge in custody, Canada refused to extradite him to the United States, citing an extradition treaty between the two nations that provides that Canada will not extradite a person to the United States to face the death penalty. *Id.* Instead, Canada required Judge to serve his Canadian sentence, and then deported him to New York.

Judge was subsequently extradited to Pennsylvania. Once in custody in Pennsylvania, Judge continued to fight his sentence through proceedings before the United Nations Human Rights Committee, alleging that Canada had violated his rights under the International Covenant for Civil and Political Rights (the "ICCPR"). This ultimately resulted in a finding by the Committee that Canada had violated Judge's rights under the ICCPR. Following this decision, Judge filed a petition in the trial court "asserting jurisdiction under either the PCRA or the statutory and constitutional right to habeas corpus relief and arguing that Canada's asserted violation of his human rights under the ICCPR requires that his sentence be reduced to life imprisonment or that

he be returned to Canada to be deported or extradited in compliance with the Committee's ruling." ***Id.*** at 517. The trial court assumed that the claims were cognizable under the PCRA and denied Judge relief.

On review, the Supreme Court considered whether Judge's claims regarding Canada's alleged violation of his rights were cognizable under the PCRA, and concluded that they were not:

> [T]he boundaries of cognizable claims under the PCRA can only be extended so far as is consistent with the purposes of the statute, and we believe that Appellant's claim concerning his deportation from Canada to face a death sentence falls outside the intended scope of the PCRA. ***See*** 42 Pa.C.S. § 9542 ("This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief."); [***Commonwealth v.***] ***Peterkin***, [] 722 A.2d [638,] 643 ("The purpose of the law is not to provide convicted criminals with the means to escape well-deserved sanctions, but to provide a reasonable opportunity for those who have been wrongfully convicted to demonstrate the injustice of their conviction."). Appellant is not asserting his innocence of the underlying crimes or that his sentence was illegal when imposed; his claim is that executing him would violate international law because the Committee found that Canada violated his rights under the ICCPR by deporting him to face a sentence of death without obtaining assurances that the sentence would not be imposed.

***Id.*** at 520.

The basis of Judge's claim was the Committee's ruling pursuant to the ICCPR. In no way could this claim be interpreted as calling into question the

validity of Judge's conviction.[3]  This is in contrast to Brunson's claims, which are challenges to the validity of his first-degree murder conviction.

In **Commonwealth v. West**, 938 A.2d 1034 (Pa. 2007), the petitioner was sentenced in 1991 to twenty-seven to fifty-four months of imprisonment but released on bond pending his appeal which was ultimately unsuccessful. **Id.** at 1036-37.  However, West was never recalled to serve his sentence.  He remained at liberty for nine years until this error was discovered by the administrative judge of the criminal division of the Court of Common Pleas of Allegheny County and a warrant was issued for West's arrest. **Id.** at 1037.  West subsequently filed a petition for writ of habeas corpus in the trial court, arguing, of relevance here, "a violation of his substantive due process rights because of the government's delay in confining him." **Id.**  The trial court did not consider whether this claim was properly brought under the state habeas statute or the PCRA; instead it denied the claim on its merits.  On appeal to this Court, we concluded that his claim did not fit within the parameters of the PCRA, but that it was a proper subject for relief under the state habeas corpus statute.  The Supreme Court agreed, characterizing West's argument as a claim that "incarcerating him … after the significant delay between the time of

---

[3] Judge did not contest the legality of his sentence. **Judge**, 916 A.2d at 520.

- 10 -

sentencing and the time he was recalled is fundamentally unfair and therefore constitutionally infirm." *Id.* at 1044-45.

In the present appeal, Brunson's claims are not divorced from the manner of his convictions or the legality of his sentence as was the claim at issue in *West*. The issue in *West* arose out of the irregularities that followed West's conviction and sentencing; specifically, the failure of the courts to recall West so that he could begin to serve his sentence. These events had no bearing on West's conviction or his sentence as initially imposed. In contrast, the irregularities that Brunson alleges implicate the validity of his convictions, thereby bringing them within the purview of the PCRA.[4]

For these reasons, we conclude that the claims Brunson raised in his petition for writ of habeas corpus are cognizable under the PCRA. We therefore find no error in the lower court's decision to treat Brunson's petition for writ of habeas corpus as a petition filed under the PCRA.

Having decided to treat Brunson's filing as a PCRA petition, the lower court determined that it was untimely and that Brunson failed to establish any of the exceptions to the PCRA's time-bar. PCRA Court Opinion, 7/1/13,

_____

[4] We also note the case of *Commonwealth v. Maute*, 397 A.2d 826 (Pa. Super. 1979), in which this Court found that the petitioner's claim of cruel and unusual punishment, based on beatings he was receiving in prison, was cognizable as a habeas claim rather than as a claim under the Post Conviction Hearing Act, the forerunner to the present-day PCRA. In that case, as in *West* and *Judge*, it is apparent that the claim was not related to the validity of the petitioner's conviction or legality of his sentence.

- 11 -

at 3-4. It is firmly established that "[t]he PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed." *Commonwealth v. Copenhefer*, 941 A.2d 646, 648-49 (Pa. 2007). The PCRA provides that "any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless one of three exceptions applies. 42 Pa.C.S.A. § 9545(b). The relevant PCRA provision provides as follows:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, **unless the petition alleges and the petitioner proves that**:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(emphasis added).

Brunson was convicted and sentenced in 1989. He received partial relief on direct appeal to this Court, and the Pennsylvania Supreme Court

denied his petition for allowance of appeal on August 7, 1990. Brunson did not seek review by the United States Supreme Court, and so his sentence became final on November 5, 1990.[5]

The petition at issue was filed on December 18, 2012, far more than one year after Brunson's conviction became final. As such, it was incumbent on Brunson to establish one of the three exceptions to the timeliness requirement contained in § 9545(b)(1). **Commonwealth v. Lusch**, 759 A.2d 6, 9 (Pa. Super. 2000) (holding that where habeas corpus petition is properly treated as PCRA petition and filed more than one year after judgment became final, petitioner must plead and prove exception to statutory time-bar to establish timeliness).

Brunson attempted to establish an exception in his response to the PCRA court's notice of intent to dismiss. Therein, he stated that even if his petition were treated as a PCRA petition, his claim of "actual innocence" is sufficient to overcome any time-bar, pursuant to the United States Supreme Court's decision in **McQuiggin v. Perkins**, 133 S.Ct. 1924 (U.S. 2013).

---

[5] "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Following the Pennsylvania Supreme Court's denial of his petition for allowance of appeal, Brunson had ninety days to seek further review by the United States Supreme Court. **See** U.S.Sup.Ct.R. 13.

*See* Objections to Dismissal Notice, 6/20/13, at 26.[6] The lower court rejected this assertion, and we find no error in that conclusion. In *McQuiggin*, the United States Supreme Court held that a claim of actual innocence may, in certain circumstances, overcome the Antiterrorism and Effective Death Penalty Act's one-year statute of limitations for filing a habeas petition. *Id.* at 1931. It is clear that this holding is limited to habeas petitions filed in federal court under the Antiterrorism and Effective Death Penalty Act; as such, it can afford Brunson no relief. Brunson therefore failed to establish an exception to the PCRA's jurisdictional time-bar.

In sum, we find no error in the lower court's determination that Brunson's petition is properly viewed as his second PCRA petition; that it was untimely filed; and that Brunson failed to establish an exception to the PCRA's time-bar. Accordingly, the lower court correctly concluded that it was without jurisdiction to entertain Brunson's petition. *See Copenhefer*, 941 A.2d at 648-49.

Order affirmed.

---

[6] The vast majority of Brunson's prolix response to the lower's court notice of intention to dismiss was dedicated to refuting the conclusion that his claims fell under the PCRA.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/24/2014