J-S13035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA

Appellee

v.

WILFREDO JUNIOR ORTIZ, JR.

Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 1479 WDA 2014

Appeal from the PCRA Order entered August 19, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No: CP-25-CR-0002103-2009

BEFORE:  BENDER, P.J.E., MUNDY, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 15, 2015**

Appellant, Wilfredo Junior Ortiz, Jr., appeals from the August 19, 2014 order of the Erie County Court of Common Pleas dismissing as untimely his petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

The facts of the case can be summarized as follows.  On November 9, 2009, Appellant pled guilty to robbery and firearms not to be carried without a license.  On January 13, 2010, Appellant was sentenced to 72 to 144 months' incarceration on the robbery count, followed by 60 months of state-supervised probation, and 36 to 72 months' incarceration on the firearm count, to run concurrently with the robbery count.  Appellant filed a timely motion for reconsideration, which the trial court denied on April 5, 2010. Appellant did not file a direct appeal.  On July 10, 2014, Appellant filed the

instant PCRA petition, which the PCRA court denied on August 19, 2014. This appeal followed.

On appeal, Appellant raises the following issue for our review: "Whether the lower court erred in denying PCRA relief based on the finding of untimeliness and waiver[.]  Appellant's Brief at 2.

Before we can address the merits of the claims, we must determine the timeliness of the instant PCRA petition because we have no jurisdiction to entertain any review of the claims if the petition is untimely. ***Commonwealth v. Watts***, 23 A.3d 980, 983 (Pa. 2011).

The PCRA contains the following restrictions governing the timeliness of any PCRA petition.

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b).

Here, the record reflects the judgment of sentence became final on May 5, 2010, *i.e.*, at the expiration of the time for seeking direct review. *See* 42 Pa.C.S.A. § 9545(b)(3). Because Appellant had one year from May 5, 2010 to file his PCRA petition, the current filing is untimely on its face given it was filed on July 10, 2014.

The one-year time limitation can be overcome if a petitioner alleges and proves one of the exceptions set forth in Section 9545(b)(1)(i)-(iii). Appellant acknowledges that the instant PCRA petition is "patently untimely," Appellant's Brief at 4, and that it is Appellant's burden to show that it falls within a statutory exception set forth in Section 9545(b) for this Court to consider the appeal. *Id.* at 5. Yet, Appellant does not explain, let alone allege,[1] under which exception the petition falls and/or what error(s) the PCRA court committed in not finding an applicable exception(s). In other

_____

[1] It should be noted that the PCRA court found Appellant "fail[ed] to prove an exception to the timeliness requirement under [Section 9545(b)(1)]." Notice of Intent to Dismiss PCRA Pursuant to Pa.R.Crim.P. 907, 7/30/14, at 4.

words, Appellant argues that the PCRA court erred in finding the PCRA petition untimely, but did not bother providing any argument or authority for this bald allegation. The claim is therefore waived.[2] **See** Pa.R.A.P. 2119; **Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1262 (Pa. Super. 2014) (*en banc*) (failure to conform to the Rules of Appellate Procedure results in waiver of the underlying issue); **Commonwealth v. Brougher**, 978 A.2d 373, 375-76 (Pa. Super. 2009 (failure to develop argument and cite relevant authority for the argument results in waiver).

The instant petition is, therefore, untimely and the trial court did not err in denying PCRA relief.[3]

Order affirmed.

_____

[2] In his PCRA petition, Appellant challenged the legality of his sentence and raised one claim of ineffective assistance of counsel for failure to challenge the legality of the sentence, but did not address, as mentioned, the timeliness of the petition. In **Commonwealth v. Fahy**, 737 A.2d 214 (Pa. 1999), our Supreme Court stated: "Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Id.** at 223. Thus, even if the claims is couched as a legality of the sentence issue, the claim will not be reviewed if raised in an untimely PCRA petition. Similarly, "[i]t is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." **Commonwealth v. Wharton**, 886 A.2d 1120, 1127 (Pa. 2005).

[3] The PCRA court dismissed the petition because it found it to be untimely. It also found the issues waived for failure to file a direct appeal and/or as vague. Because the instant petition is untimely, "[w]e need not reach this level of review because the untimeliness of the petition goes to the trial court's jurisdiction to even entertain the merits of the petition.". **Commonwealth v. Lusch**, 759 A.2d 6, 9 n.1 (Pa. Super. 2000).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/15/2015