J-S83025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL RYAN BRINDLE, | |
| Appellant | No. 443 WDA 2016 |

Appeal from the Judgment of Sentence February 2, 2016
In the Court of Common Pleas of Butler County
Criminal Division at No(s): CP-10-CR-0001996-2015

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:            **FILED DECEMBER 16, 2016**

Appellant, Michael Ryan Brindle, appeals from the judgment of sentence entered on February 2, 2016, in the Butler County Court of Common Pleas.  Appellate counsel has filed a petition seeking to withdraw his representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), which govern withdrawal from representation on direct appeal.  After careful review, we deny counsel's petition to withdraw and remand for further proceedings.

On February 2, 2016, Appellant entered a plea of guilty to one count of conspiracy to commit retail theft, a misdemeanor of the first degree, and

---

[*]  Retired Senior Judge assigned to the Superior Court.

was sentenced to four to ten months of incarceration and ordered to pay restitution. N.T., 2/2/16, at 13. Appellant was immediately paroled based on his credit for time served. *Id.* Appellant was represented through sentencing by appointed counsel, Attorney Rebecca Lee Black. *Id.*

The record reflects a *pro se* notice of appeal entered on the docket on March 28, 2016. In his notice of appeal, Appellant asserts that "counsel of record for this party has failed to respond to her client[']s request to exercise his post-sentencing rights." Notice of Appeal, 3/28/16, at 2. On April 8, 2016, Attorney Black filed a petition to withdraw as counsel with this Court. Petition to Withdraw as Counsel of Record for Appellant, 443 WDA 2016, 4/8/16, at 1.

On April 14, 2016, Attorney Black filed a motion for continuance in the trial court. Motion for Continuance, 4/14/16, at 1-2. In it, Attorney Black asserted that Appellant apparently believed that as his court-appointed counsel, Attorney Black would be handling his appeal. *Id.* at 1. Attorney Black further explained that it was her understanding that her appointment lasted "only through sentencing, or 30 days thereafter to the expiration of a Defendant's direct appeal rights." *Id.* Accordingly, counsel sought a continuance to allow for the filing of the Pa.R.A.P. 1925(b) statement ordered by the court following Appellant's *pro se* notice of appeal. *Id.* Attorney Black also requested, on Appellant's behalf, that the court appoint counsel to represent Appellant through the appeal process. *Id.* at 2. By

order entered April 15, 2016, the trial court granted the motion for continuance and appointed Attorney Ian C. Walchesky as counsel. Order, 5/15/16, at 1.

On April 25, 2016, Attorney Walchesky filed a motion to withdraw as counsel due to a conflict of interest. By order entered April 27, 2016, the trial court granted Attorney Walchesky's motion to withdraw, and appointed Kenneth R. Harris, Jr., Esquire, as counsel. Order, 4/27/16, at 1.

On April 28, 2016, this Court denied Attorney Black's application to withdraw as counsel that had been filed on April 8, 2016, and issued the following order:

> Upon consideration of Rebecca L. Black, Esquire's April 8, 2016 "Petition to Withdraw as Counsel of Record for Appellant," the petition is **DENIED**. Counsel may seek to withdraw in the trial court. If counsel is granted permission to withdraw in the trial court, counsel may again seek relief in this Court attaching the order permitting withdraw[al] to the petition.

Order, 443 WDA 2016, 4/28/16, at 1.

On May 5, 2016, Attorney Black filed with this Court an amended petition to withdraw as counsel of record for Appellant. Amended Petition to Withdraw as Counsel of Record for Appellant, 5/5/16, at 1. In it, Attorney Black asserts that there had been a subsequent appointment of counsel for Appellant. *Id.* at 1-2. This Court issued an order on May 12, 2016, which provided as follows:

> Upon consideration of Rebecca Black, Esquire's May 5, 2016 "Amended Petition to Withdraw as Counsel of Record for Appellant," and upon review of the lower court's April 28, 2016

- 3 -

order appointing Kenneth R. Harris, Jr., Esquire as counsel for Appellant Brindle, the petition is **GRANTED** such that [A]ttorney Black is **EXCUSED** from her representation of Appellant. The prothonotary is **DIRECTED** to enter the appearance of [A]ttorney Harris in this Court.

The prothonotary is directed to forward a copy of the instant Order to Appellant and [A]ttorneys Black and Harris.

Order, 443 WDA 2016, 5/12/16, at 1.

Following several extensions, Attorney Harris filed a Statement of Intent to file an **Anders** Brief on July 14, 2016. Counsel subsequently submitted an **Anders** Brief and filed an application to withdraw as counsel. In it, counsel identifies the following single issue: "Whether a timely notice of appeal was filed giving this Court jurisdiction of the Appellant's appeal." **Anders** Brief at 4 (full capitalization omitted).[1]

Before we address counsel's **Anders** brief and his request to withdraw, we must consider whether this appeal is timely. We lack jurisdiction to consider untimely appeals. **Commonwealth v. Burks**, 102 A.3d 497, 500 (Pa. Super. 2014).

In cases where no post-sentence motions or Commonwealth motions to modify sentence are filed, a defendant must file an appeal within thirty days of imposition of sentence in open court. Pa.R.Crim.P. 720(A)(3); Pa.R.A.P. 903(c)(3). Appellant was sentenced on February 2, 2016. The

_____

[1] We note that review of counsel's **Anders** Brief reflects that while counsel cites rules and law setting forth parameters for a timely appeal, he fails to present any analysis of this case and whether the current appeal is timely.

docket reflects that Appellant's notice of appeal was filed on March 28, 2016.[2] The appeal is therefore patently untimely.

However, we must consider whether this document filed after the direct appeal period expired should have been treated as a petition brought pursuant to the Post Conviction Relief Act ("PCRA").[3] Pennsylvania law is well settled that any collateral petition raising issues requesting remedies available under the PCRA will be considered a PCRA petition. ***Commonwealth v. Deaner***, 779 A.2d 578, 580 (Pa. Super. 2001) (citing ***Commonwealth v. Fahy***, 737 A.2d 214, 223–224 (Pa. 1999); ***Commonwealth v. Peterkin***, 722 A.2d 638, 640 (Pa. 1998). "[A] petition raising a claim for which the PCRA does not offer a remedy will not be considered a PCRA petition. Thus, the question then becomes whether petitioner had an available remedy under the PCRA ...." ***Deaner***, 779 A.2d at 580 (internal citation and quotations omitted).

"The content of the motion—just exactly what is pled and requested therein—is relevant to deciding whether to treat the motion as a collateral petition." ***Commonwealth v. Wrecks***, 931 A.2d 717, 720 (Pa. Super.

---

[2] The record indicates that Appellant was incarcerated at the time the notice of appeal was filed. However, we discern no evidence of record establishing when Appellant provided the *pro se* notice to prison authorities for mailing. ***See Commonwealth v. Crawford***, 17 A.3d 1279, 1281 (Pa. Super. 2011) ("Under the prisoner mailbox rule, we deem a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing.").

[3] 42 Pa.C.S. §§ 9541-9546.

2007) (citing **Commonwealth v. Lutz**, 788 A.2d 993, 996 n. 7 (Pa. Super. 2001) (holding that, generally, a filing that raises issues cognizable under the PCRA will be considered a PCRA petition while a filing requesting relief outside the PCRA will not be so treated).  Ineffective assistance of counsel claims are cognizable under the PCRA, and filings or motions raising such claims will be treated as PCRA petitions.  42 Pa.C.S. § 9543(a)(2)(ii); **see also Commonwealth v. Lusch**, 759 A.2d 6, 8 (Pa. Super. 2000) (accusations of trial counsel ineffectiveness are cognizable under the PCRA).

Here, as noted, in the filing Appellant entitled, "notice of appeal," he asserted that "counsel of record for this party has failed to respond to her client[']s request to exercise his post-sentencing rights."  Notice of Appeal, 3/28/16, at 1.  This assertion may be fairly construed as a claim of ineffective assistance of counsel.  Because such claims are cognizable under the PCRA, this pleading should be treated as a PCRA petition.  42 Pa.C.S. § 9543(a)(2)(ii); **see also Commonwealth v. Kutnyak**, 781 A.2d 1259, 1261 (Pa. Super. 2001) (treating appellant's *pro se* motion challenging his guilty plea as a PCRA petition "regardless of the manner in which the petition is titled").  Accordingly, we remand to allow appointed counsel to file an amended PCRA petition in which he may request that Appellant's direct appeal rights be reinstated *nunc pro tunc* or any other appropriate relief available under the PCRA.

Counsel's application to withdraw as counsel pursuant to ***Anders*** is denied. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/16/2016