J-S96039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DANIEL VEROSKO | |
| Appellant | No. 1009 WDA 2016 |

Appeal from the PCRA Order Dated June 23, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001359-2009

BEFORE:  BENDER, P.J.E., BOWES, J., and SOLANO, J.

MEMORANDUM BY SOLANO, J.:                    **FILED APRIL 7, 2017**

Appellant, Daniel Verosko, appeals *pro se* from an order dismissing his Motion to Correct Illegal Sentence, which the trial court correctly treated as an untimely petition for relief under the Post–Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–46.[1]  We affirm.

---

[1] The PCRA provides the sole means for obtaining collateral review, and any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition.  **Commonwealth v. Kubis**, 808 A.2d 196, 199 (Pa. Super. 2002); 42 Pa.C.S. § 9542.  Regardless of how a petition is titled, "the question [ ] becomes whether petitioner had an available remedy under the PCRA."  **Commonwealth v. Lusch**, 759 A.2d 6, 8 (Pa. Super. 2000).  The claims for which the PCRA will provide a remedy are set forth in 42 Pa.C.S. § 9543(a)(2), and include the imposition of a sentence greater than the lawful maximum.  42 Pa.C.S. § 9543(a)(2)(vii).  Appellant's motion, though misstyled, therefore was a PCRA petition.

On March 17, 2010, a jury convicted Appellant of two counts each of possession with intent to deliver and possession of a controlled substance, and one count each of criminal conspiracy, possession of drug paraphernalia, carrying firearms without a license, and unlawful possession, use, manufacture, control, sale, or transfer of firearms. On April 27, 2010, he was sentenced to an aggregate 14 to 28 years' incarceration. He did not file a direct appeal. However, Appellant has sought post-conviction relief, and, in a prior appeal, this Court made the following determinations relevant to Appellant and the appeal now before us:

> [Appellant's] judgment of sentence was imposed on April 27, 2010. [He] did not file a direct appeal. Thus, his judgment of sentence became final thirty-days later, on or about May 27, 2010, at the expiration of the time period during which [he] could have filed an appeal. *See* 42 Pa.C.S. § 9545(b)(3) ("[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); Pa.R.A.P. 903(a) ("[T]he notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken."). Thus, to be timely, any PCRA petition must have been filed on or before May 27, 2011, unless [Appellant] has pleaded and proven one of the enumerated exceptions to the time-bar. *See* 42 Pa.C.S. § 9545(b)(1).

*Commonwealth v. Verosko*, 97 A.3d 814 (Pa. Super. 2014) (unpublished memorandum at 4).

Appellant filed his "Motion to Correct Illegal Sentence" on March 23, 2016. The PCRA court dismissed the motion June 23, 2016, as "patently untimely and stat[ing] no grounds for which relief may be granted under the

- 2 -

[PCRA]." Appellant filed this timely appeal on July 5, 2016. Appellant presents three questions for our review:

1. Was the mandatory minimum sentence statute 18 Pa.C.S. 7508 unconstitutional when it was applied to Appellant?

2. Did the trial court err when it denied [Appellant's] Motion to Correct Illegal Sentence[?] That the trial court treated as petitioner's 2nd PCRA, when Appellant met the standard pursuant to **Commonwealth v. Lawson**, that a miscarriage of justice may have occurred which no civilized society can tolerate, when the trial court sentenced [Appellant] to an unconstitutional mandatory minimum sentence violating his Sixth Amendment right and due process?

3. Did the trial court have jurisdiction to correct the unconstitutional mandatory minimum sentence that it imposed on Appellant?

Appellant's Brief at 6.

Our standard of review of an order dismissing a petition under the PCRA requires that we determinate whether the order is supported by the evidence of record and is free of legal error. **Commonwealth v. Halley**, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001).

In addition, before we look to the merits of an appellant's claims, we must determine whether the post-conviction petition was timely. The timeliness of a post-conviction petition is jurisdictional. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted). If a petition is untimely, neither an appellate court nor the PCRA court has jurisdiction over the petition. **Id.** "Without jurisdiction, we simply do not have the legal

authority to address the substantive claims" raised in an untimely petition. *Id.*

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, an exception to the time for filing the petition. ***Commonwealth v. Gamboa–Taylor,*** 753 A.2d 780, 783 (Pa. 2000); 42 Pa.C.S. § 9545(b)(1). Under these exceptions, the petitioner must plead and prove that: "(1) there has been interference by government officials in the presentation of the claim; or (2) there exists after-discovered facts or evidence; or (3) a new constitutional right has been recognized." ***Commonwealth v. Fowler***, 930 A.2d 586, 591 (Pa. Super. 2007) (citations omitted). A PCRA petition invoking one of these statutory exceptions must "be filed within sixty days of the date the claim first could have been presented." ***Gamboa–Taylor***, 753 A.2d at 783. ***See also*** 42 Pa.C.S. § 9545(b)(2).

Our 2010 ***Verosko*** decision, at p. 4, explained that, "to be timely, any PCRA petition [by Appellant] must have been filed on or before May 27, 2011." It therefore is clear that Appellant's March 23, 2016 request for post-conviction sentencing relief is untimely. Furthermore, Appellant has failed to "plead and prove" the applicability of one of the three exceptions to the PCRA's time restrictions. ***See Commonwealth v. Perrin***, 947 A.2d 1284, 1285 (Pa. Super. 2008); 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Appellant fails to argue or explain why or how his petition falls within any exception.

He broadly asserts that he was sentenced to an illegal mandatory minimum sentence in violation of "Sixth Amendment and due process" rights, and cites *Alleyne v. United States*, 133 S. Ct. 2151 (2013), in insisting that a "miscarriage of justice" has occurred. *See* Appellant's Brief at 6-8. However, Appellant fails to mention or address the exceptions to the PCRA's statutory time bar that must be met for this Court and the trial court to have jurisdiction to review his sentencing claims.

We recognize that if this Court has jurisdiction, a legality of sentencing issue is reviewable and cannot be waived. *Commonwealth v. Jones*, 932 A.2d 179, 182 (Pa. Super. 2007). However, a legality of sentencing issue must be raised in a timely filed PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) (explaining that, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must first satisfy the PCRA's time limits or one of the exceptions thereto"). Otherwise, we have no jurisdiction with respect to it. *See Fahy*, 737 A.2d at 223; *Commonwealth v. Miller*, 102 A.3d 988, 995-96 (Pa. Super. 2014) (explaining that the decision in *Alleyne* does not invalidate a mandatory minimum sentence when presented in an untimely PCRA petition). That is the case here.

In sum, because Appellant has failed to prove an exception to the PCRA's time bar, we affirm the trial court's dismissal of his "Motion to Correct Illegal Sentence" because it functions as a PCRA petition that "is

barred from review and must be dismissed." Trial Court Opinion, 8/29/16, at 8.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/7/2017