J-S59031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| KERRY MCNEIL | |
| Appellant | No. 982 EDA 2015 |

Appeal from the PCRA Order March 20, 2015
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-0114201-1980

BEFORE: BENDER, P.J.E., OLSON, J., and FITZGERALD,[*] J.

JUDGMENT ORDER BY FITZGERALD, J.:          **FILED SEPTEMBER 09, 2016**

Appellant, Kerry McNeil, appeals from the order entered in the Philadelphia County Court of Common Pleas dismissing his Post Conviction Relief Act[1] ("PCRA") petition based upon untimeliness.  We affirm.

We adopt the facts and procedural history set forth in the PCRA court's opinion.  **See** PCRA Ct. Op., 9/9/15, at 1-5.  Appellant argues that a manifest injustice occurred when the court denied him an evidentiary hearing with regard to his **Batson v. Kentucky**, 476 U.S. 79 (1986) claim. Appellant's Brief at 30.  Appellant avers his PCRA petition was timely following the decision of the United States Supreme Court in **McQuiggin v. Perkins**, 133 S. Ct. 1924 (2013).  **Id.** at 29.  He notes that he filed the

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

instant Petition for *Habeas Corpus*/Post Conviction Relief within sixty days of May 28, 2013, the date the Supreme Court rendered its decision in ***McQuiggin***. ***Id.*** Appellant contends "that three recent cases further support his long standing argument that his case was wrongly decided[,]" citing ***McQuiggin***, ***Martinez v. Ryan***, 132 S. Ct. 1309 (2012), and ***Trevino v. Thaler***, 133 S. Ct. 1911 (2013). ***Id.*** at 32.

As a prefatory matter, we note that "the PCRA subsumes the remedy of *habeas corpus* with respect to remedies offered under the PCRA and that any petition seeking relief under the PCRA must be filed within one year of final judgment." ***Commonwealth v. Peterkin***, 722 A.2d 638, 640 (Pa. 1998). Furthermore, "the timeliness of a PCRA petition is a jurisdictional requisite." ***Commonwealth v. Turner***, 73 A.3d 1283, 1285 (Pa. Super. 2013) (citation omitted).

After careful review of the record, the parties' briefs, and the decision by the Honorable Steven R. Geroff, we affirm on the basis of the PCRA court's opinion. ***See*** PCRA Ct. Op. at 5-10 (holding (1) ***Martinez***, ***Trevino***, and ***McQuiggin*** are inapplicable to the case at bar as they are limited to federal *habeas* review, (2) they do not render Appellant's PCRA petition timely, and (3) ***Martinez*** does not affect the PCRA time bar, citing ***Commonwealth v. Saunders***, 60 A.3d 162 (Pa. Super. 2013)).

Moreoever, in ***Commonwealth v. Brown***, \_\_\_ A.3d \_\_\_, 2016 WL 3690602 (Pa. Super. July 11, 2016), this Court recently addressed the

applicability of **McQuiggin** to the timeliness provisions set forth in the PCRA.

The **Brown** Court opined:

> Our jurisprudence, however, has already deemed such decisions pertaining to federal *habeas corpus* law irrelevant to our construction of the timeliness provisions set forth in the PCRA. ***See*** [**Saunders**, 60 A.3d at 165] ("While **Martinez** . . . represents a significant development in federal *habeas corpus* law, it is of no moment with respect to the way Pennsylvania courts apply the plain language of the time bar set forth in section 9545(b)(1) of the PCRA."). While **McQuiggin** represents a further development in federal *habeas corpus* law, as was the case in **Saunders**, this change in federal law is irrelevant to the time restrictions of our PCRA.

***Id.*** at ___, 2016 WL 3690602 at *3. Accordingly, we affirm the order of the

PCRA court dismissing Appellant's petition as untimely.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/2016



FILED

SEP 0 9 2015

Criminal Appeals Unit
First Judicial District of PA

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CRIMINAL SECTION

| | | |
|---|---|---|
| **COMMONWEALTH OF PENNSYLVANIA** | : | **CP- 51-CR-0114201-1980** |
| | : | |
| vs. | : | |
| | : | |
| **KERRY McNEIL** | : | **SUPERIOR COURT NO. 982 EDA 2015** |
| | : | |

CP-51-CR-0114201-1980 Comm. v. Mcneil, Kerry
Opinion

7342187481

OPINION

GEROFF, J.                                         SEPTEMBER 9, 2015

Petitioner, Kerry McNeil, has filed an appeal of this court's order denying his petition

pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §9541 *et seq.*.

## I. PROCEDURAL HISTORY

On May 16, 1980, following a jury trial before Judge Albert Sabo, Petitioner was found

guilty of murder of the first degree and criminal conspiracy.[1] Petitioner's post-verdict motions

were denied, and on December 18, 1980, Judge Sabo sentenced Petitioner to a mandatory term of

life imprisonment for murder of the first degree and a consecutive term of five (5) to ten (10)

---

[1] Petitioner's convictions stemmed from the December 18, 1979 shooting death of Charles Vincent Wright, Jr., his girlfriend's ex-boyfriend, in Philadelphia.



years of imprisonment for conspiracy. Lewis Smalls, Esquire, represented Petitioner at trial and sentencing. A timely direct appeal was not filed.

Petitioner subsequently filed a *pro se* direct appeal to the Superior Court; because he placed an incorrect bill of information number on the appeal, Petitioner's appeal was quashed by the Superior Court.

Petitioner's direct appellate rights were reinstated in 1986 *nunc pro tunc* after he filed his first petition pursuant to the Post Conviction Hearing Act (PCHA). Counsel was subsequently appointed and filed a *nunc pro tunc* direct appeal to the Superior Court on July 16, 1987. On May 19, 1988, the Pennsylvania Superior Court affirmed the judgments of sentence. *Commonwealth v. McNeil*, 379 Pa. Super. 662, 545 A.2d 386 (1988). On October 31, 1988, the Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal. *Commonwealth v. McNeil*, 520 Pa. 596, 552 A.2d 251 (1988).

Petitioner's judgment of sentence became final on December 31, 1988, sixty days after our Supreme Court denied allowance of appeal and the time then allowed for filing a petition for writ of *certiorari* to the U.S. Supreme Court had expired. *See* 42 Pa.C.S. § 9545(b)(3); Former U.S. Sup. Ct. Rule 20.1 (petition for writ of certiorari is considered timely when filed within sixty days after the denial of allowance of appeal).[2]

On or about December 28, 1990, Petitioner filed a petition for writ of *habeas corpus* in the U.S. District Court for the Eastern District of Pennsylvania; his counsel later withdrew the

---

[2] *See also Commonwealth v. Thomas*, 718 A.2d 326, 329 (Pa.Super.1998) (*en banc*) ("[W]e hold that it was the intention of the legislature to permit an otherwise untimely first PCRA petition to be filed within one year following the effective date of the 1995 PCRA amendments, but that exception was not intended to apply to subsequent petitions regardless of when a first petition was filed.").

petition without prejudice to allow Petitioner pursue a state collateral remedy.

On April 1, 1991, Petitioner filed a petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq.* (PCRA) in which he raised 20 claims, including an allegation that the prosecution improperly struck African-American members of his jury venire in violation of the U.S. Supreme Court's decision in *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986) *holding modified by Powers v. Ohio*, 499 U.S. 400, 111 S. Ct. 1364, 113 L. Ed. 2d 411 (1991) (racially discriminatory jury selection is constitutionally impermissible). On June 28, 1991, Judge Sabo dismissed the petition without a hearing.

Petitioner appealed to the Superior Court, arguing ineffective assistance of counsel for failure to assert Petitioner's *Batson* claim on direct appeal. The Superior Court affirmed the dismissal on August 22, 1992 on the basis that Petitioner's *Batson* claim had no arguable merit because Petitioner failed to establish the racial composition of the entire venire, his jury, and the prospective jurors whom the defense struck. *Commonwealth v. McNeil*, 424 Pa. Super. 647, 617 A.2d 391 (1992). On February 17, 1993, our Supreme Court denied Petitioner's petition for allowance of appeal. *Commonwealth v. McNeil*, 533 Pa. 643, 622 A.2d 1375 (1993).

Petitioner's second *habeas corpus* petition filed in federal court on April 13, 1993 was denied without a hearing on October 29, 1993. Petitioner appealed, and the Court of Appeals for the Third Circuit affirmed. Petitioner's petition for *certiorari* with the U.S. Supreme Court was denied on May 15, 1995.

At the time Petitioner's petition for *certiorari* was pending before the U.S. Supreme Court, he filed his second *pro se* PCRA petition, which was dismissed as untimely on March 6, 1996. The Pennsylvania Superior Court affirmed the dismissal on May 28, 1997, and the Pennsylvania Supreme Court declined review on September 30, 1997.

3

On May 6, 1998, Petitioner filed a third *habeas corpus* petition in federal court, asserting a claim pursuant to the U.S. Supreme Court's decision in *Batson*. The petition was denied; the decision was affirmed on appeal. On October 4, 1999, the U.S. Supreme Court denied *certiorari*.

On March 11, 2004, Petitioner filed his third *pro se* PCRA petition. On September 9, 2005, he filed an amended, counseled PCRA petition, which was dismissed by this court on July 13, 2007.[3] On June 23, 2008, the Superior Court affirmed the PCRA court's dismissal. *Commonwealth v. McNeil*, 959 A.2d 464 (Pa. Super. 2008). On February 20, 2009, the Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal. *Commonwealth v. McNeil*, 600 Pa. 376, 966 A.2d 550 (2009).

On September 6, 2011, Petitioner filed his fourth PCRA petition, which was denied as untimely on October 19, 2012.

On July 8, 2013, Petitioner filed a counseled PCRA Petition (his fifth) arguing ineffective assistance of counsel and requesting that this court provide "relief consistent with removing the procedural default so that [Petitioner's] claim can be considered on the merits." Petition for Habeas Corpus/Post Conviction Relief, 07/08/2013, p. 13.

The Commonwealth filed a Motion to Dismiss on December 29, 2014; on January 8, 2015, the Commonwealth filed an Amended Motion to Dismiss. On January 21, 2015, Petitioner filed a Response to the Commonwealth's Motion to Dismiss. On February 12, 2015, following a

---

[3] On February 6, 2006, this court granted Petitioner an evidentiary hearing on his *Batson* claim. This court also granted the Commonwealth's request to file an interlocutory appeal. On February 16, 2006, the Commonwealth filed a Motion for Reconsideration. After argument, on June 30, 2006, this court reimposed the Order of February 6, 2006 granting the evidentiary hearing. The Commonwealth filed a Notice of Appeal, and on September 5, 2006, the Superior Court denied the Commonwealth's Petition for Permission to Appeal. On October 4, 2006, this court filed an opinion addressing its decision to grant Petitioner an evidentiary hearing. On November 17, 2006, the Commonwealth filed a Motion to Vacate the Order Granting the hearing, and the Petitioner filed a response. After conducting a review of the record and Petitioner's response to the court's notice of dismissal pursuant to Rule 907, this court dismissed Petitioner's motion on July 13, 2007.

4

hearing held in this matter, this court issued a notice of intent to dismiss Petitioner's petition as untimely, pursuant to Pennsylvania Rule of Criminal Procedure 907. On March 1, 2015, Petitioner, through his counsel Raymond D. Roberts, filed a Response to the 907 Notice of Intention to Dismiss. On March 20, 2015, after conducting a review of the record, this court dismissed Petitioner's PCRA petition as untimely. On March 31, 2015, Petitioner filed a timely Notice of Appeal.

## II. STANDARD OF REVIEW

The Post Conviction Relief Act requires that a post-conviction petition be filed within one year of the date the judgment becomes final. 42 Pa.C.S. § 9545 (b)(1). A judgment becomes final at the conclusion of direct review, including time to seek discretionary review before the Pennsylvania Supreme Court and the United States Supreme Court. 42 Pa.C.S. § 9545 (b)(3). The one-year limitation is exempted if a petitioner pleads and proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545 (b)(1)(i)-(iii).

Any petition invoking an exception to the one-year limitation must be filed within sixty days of the date the claim could be presented. 42 Pa.C.S. § 9545 (b)(2).

The Pennsylvania Supreme Court has ruled that Pennsylvania courts have no jurisdiction

5

to hear untimely Post Conviction Relief Act petitions. *Commonwealth v. Hall*, 565 Pa. 92, 95, 771 A.2d 1232, 1234 (2001). Where the Post Conviction Relief Act petition is untimely, a petitioner must plead and prove that a one-year filing exception applies. *See Commonwealth v. Yarris*, 557 Pa. 12, 24, 731 A.2d 581, 587 (1999) (stating that all PCRA petitions, "including second and subsequent ones, must be filed within one year of the date on which the judgment became final, unless one of the three statutory exceptions ... applies").

Pursuant to Pennsylvania law, the Post Conviction Relief Act subsumes the remedy of *habeas corpus* unless the claim does not fall within the ambit of the PCRA statute. *Commonwealth v. Burkett*, 2010 PA Super 182, 5 A.3d 1260, 1274 (Pa. Super. 2010). *See also Commonwealth v. Taylor*, 2013 PA Super 89, 65 A.3d 462, 466 (2013) ("[A] defendant cannot escape the PCRA time-bar by titling his Petition or motion as a writ of *habeas corpus*."); *Commonwealth v. Deaner*, 2001 PA Super 191, 779 A.2d 578, 580 (2001) (a collateral petition raising an issue which the PCRA statute could remedy will be considered a PCRA petition); *Commonwealth v. Lusch*, 759 A.2d 6, 9 (Pa. Super. 2000) (a *habeas corpus* petition raising a claim cognizable under the PCRA must comply with the PCRA timeliness requirements).

Claims of PCRA counsel's ineffectiveness do not save an otherwise untimely PCRA petition for review on the merits. *See Commonwealth v. Morris*, 573 Pa. 157, 822 A.2d 684, 694–95 (2003); *Commonwealth v. Fahy*, 558 Pa. 313, 330, 737 A.2d 214, 223 (1999). *See also Commonwealth v. Breakiron*, 566 Pa. 323, 334, 781 A.2d 94, 100 (2001) ("[O]ur Court has expressly rejected attempts to utilize ineffective assistance of counsel claims as a means of escaping the jurisdictional time requirements for filing a PCRA petition.").

6

## III. DISCUSSION

Petitioner captions his petition as a Petition for *Habeas Corpus*/Post Conviction Relief. However, the PCRA subsumes *habeas* relief as Petitioner's claims of ineffective assistance of counsel are cognizable under the PCRA. Petitioner, therefore, is bound by the requirements of the PCRA, including the timeliness requirements.

As a preliminary matter, the Petitioner's petition is untimely on its face. Petitioner's judgment of sentence became final on December 31, 1988, after our Supreme Court denied allowance of appeal and when the period to file a petition for writ of *certiorari* with the U.S. Supreme Court had expired. Petitioner's current PCRA petition was filed on July 8, 2013, over twenty-four years after his judgment of sentence became final; it is, therefore, time-barred under § 9545(b), unless one of the enumerated exceptions is satisfied.

Petitioner avers that his direct appeal counsel and his PCRA counsel were ineffective and argues that because of his counsels' ineffectiveness, his "collateral proceeding was not sufficient to ensure that proper consideration was given to his substantial claim." Petition for *Habeas Corpus*/Post Conviction Relief, 07/08/2013, pp. 11-12. He argues that although he first raised his underlying *Batson* claim in 1991, he has been "consistently, through improper interpretations of the law, ... denied an evidentiary hearing on the merits of the claim." Petitioner's Response to the 907 Notice of Intention to Dismiss, 03/01/2015, p. 1 (unnumbered). Petitioner claims, therefore, that his otherwise untimely petition is timely because he is raising a claim which has never been fully litigated.

To excuse his failure to file a timely petition, Petitioner relies, *inter alia*, on the U.S. Supreme Court's decisions in *Martinez v. Ryan*, 132 S. Ct. 1309, 1320, 182 L. Ed. 2d 272 (2012) ("[A] procedural default will not bar a federal habeas court from hearing a substantial claim of

ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."), *Trevino v. Thaler*, 133 S. Ct. 1911, 185 L. Ed. 2d 1044 (2013) ("[W]here, as here, state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal, our holding in *Martinez* applies")[4], and *McQuiggin v. Perkins*, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013) (discussing the "actual innocence" gateway to federal *habeas* review).

Petitioner appears to ignore the fact that he is not in federal court and that *Martinez, Trevino,* and *McQuiggin* are thereby inapplicable to the case at bar as they are limited to federal *habeas* review. As noted by the Commonwealth, these cases do not excuse Petitioner's failure to file a timely petition. *See* Commonwealth's Amended Motion to Dismiss, 01/08/2015, pp. 8-9.

Moreover, in *Commonwealth v. Saunders*, 2013 PA Super 9, 60 A.3d 162, 165, *appeal denied*, 621 Pa. 657, 72 A.3d 603 (2013) and *cert. denied sub nom. Saunders v. Pennsylvania*, 134 S. Ct. 944, 187 L. Ed. 2d 811 (2014), our Superior Court specifically stressed that *Martinez* does not affect the PCRA time-bar:

> *Martinez* recognizes that for purposes of federal *habeas corpus* relief, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of trial counsel." *Martinez, supra* at 1315. **While *Martinez* represents a significant development in federal habeas corpus law, it is of no moment with respect to the way Pennsylvania courts apply the plain language of the time bar set forth in section 9545(b)(1) of the PCRA.**

*Id.* at 165 (emphasis added).

Petitioner also relies on Judge Bender's dissenting opinion in *Commonwealth v. Henkel*, 2014 PA Super 75, 90 A.3d 16, *appeal denied*, 101 A.3d 785 (Pa. 2014), for the proposition that

---

[4] Petitioner asserts that his Petition is timely because it was filed on July 8, 2013, within 60 days of the *Trevino* decision. Petitioner's Response to the 907 Notice of Intention to Dismiss, 03/01/2015, p. 3 (unnumbered).

this court is "a proper initial forum to decide whether [Petitioner] is entitled to the relief he seeks." Petitioner's Response to the 907 Notice of Intention to Dismiss, 03/01/2015, p. 11 (unnumbered).

Petitioner's reliance on Judge Bender's dissenting opinion in *Henkel* is misplaced. Although in his dissenting opinion, Judge Bender posits that there has been no binding, precedential decision by the Pennsylvania Supreme Court prohibiting review of claims of ineffective assistance of PCRA counsel for the first time on appeal from the denial of PCRA relief, his dissenting opinion is not binding on this court. *See Commonwealth v. Thompson*, 604 Pa. 198, 221, 985 A.2d 928, 942 (2009)("Of course, persuasive as they are, neither the dissent of the Chief Justice nor the dissent by Mr. Justice Eakin is binding precedent....").

Furthermore, Petitioner's claim of ineffective assistance of counsel does not place his petition within any of the enumerated exceptions to the one-year limitation. Petitioner cannot escape the jurisdictional time requirements for filing a PCRA Petition by raising an ineffective-assistance-of-counsel claim.

The instant petition was filed over twenty-four years after the judgment of sentence in this case became final. It was time-barred from review, and Petitioner has not demonstrated that any of the statutory exceptions to the PCRA's timeliness requirement applied.

## IV. CONCLUSION

Petitioner has failed to demonstrate any basis for relief. In the absence of any meritorious challenge that can be found in the reviewable record, Petitioner has failed to articulate his allegations in accordance with the requisites of a claim predicated upon the timeliness of his petition. No relief is due.

9

For the foregoing reasons, Petitioner's petition for post-conviction collateral relief was properly dismissed.

BY THE COURT:

_____

STEVEN R. GEROFF, J.